## FAILURE TO ENDORSE AMOUNT SUED FOR ON SUMMONS.

### Superior Court of Cincinnati.

ELSIE RENZ v. JESSIE H. SCHMID ET AL.

Decided, January 2, 1914.

*Summons—Not Legal Unless Properly Endorsed—Subsequent Issue of a Proper Writ—Treated as the Original Writ.*

A summons in an action for the recovery of money only upon which there is no endorsement of the amount sought to be recovered, is ineffective to bring the defendant into court, and the plaintiff, on discovery of the mistake, may thereafter have a properly endorsed summons issued.

*Chas. L. Hopping,* for plaintiff.

*Powell & Smiley,* contra.

PUGH, J.

The petition in this case was filed August 2d, 1913, and summons issued thereon to the defendants, Jessie H. Schmid and Albert P. Schmid, and returned as served the latter personally and the former at her usual place of residence. Not having answered, a default judgment was entered up against both de-

fendants, and the jury assessed the damages at twenty-five thousand ($25,000) dollars.

It then appeared that the amount of money sought to be recovered had not been endorsed on the summons as required by General Code, Section 11281, in actions for the ''recovery of money only,'' and, at the instance of the plaintiff herself, the verdict was set aside and the judgment vacated and an alias summons was issued, properly endorsed, and the defendants served at their usual place of residence.

The case now comes before the court on the defendants' motion to quash the summons for the alleged reason ''that there was no authority for the issuing of said alias summons and the same was issued contrary to law.'' The argument in support of this motion amounts to this: the first summons (which was not properly endorsed) was a valid writ and the alias summons is therefore unnecessary and unauthorized under General Code, Section 11284.

It is not necessary to determine whether the judgment by default was properly vacated for the reason assigned, nor whether the failure to properly endorse the summons could be cured by amendment. The question now before the court is simply whether there was authority of law for the issuance of the so-called ''alias'' summons.

General Code, Section 11281, requires that, in ''actions for the recovery of money only,'' the amount sought to be recovered shall be endorsed upon the writ and provides that no greater sum than the amount thus endorsed shall be recovered. A summons in an action for money only, which is not endorsed in any amount is not a legal summons and does not bring the defendant into the court for any purpose. There can be no legal objection, in such case, to the subsequent issuance of a properly endorsed writ, and the summons then issued is not an ''alias'' summons but is the original writ itself. General Code, Section 11284, relating to alias summons has no application in such instance.

The motion of the defendants will therefore be overruled, and if desired they may file their answers, providing application for leave to file the same is made promptly.